UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERESA ROSATI<br>11Cornell Circle<br>Broomall, PA 19008<br>      Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA<br>Social Security Administration<br>6401 Security Boulevard,<br>Altmeyer Building, Room 617<br>Baltimore, MD 21235<br>and<br>SOCIAL SECURITY ADMINISTRATION<br>6401 Security Boulevard,<br>Altmeyer Building, Room 617<br>Baltimore, MD 21235<br>and<br>UNITED STATES ATTORNEY GENERAL<br>Department of Justice<br>950 Pennsylvania NW<br>Washington, DC 20530<br>      Defendants. | CIVIL ACTION NO. 18-3349 |

### ANSWER OF DEFENDANT THE UNITED STATES OF AMERICA

Defendant the United States of America, by and through its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Viveca D. Parker, Assistant United States Attorney for the Eastern District of Pennsylvania, for its answer to plaintiff's Complaint states as follows:

## Jurisdiction and Venue

The first unnumbered paragraph alleges legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant does not intend at present to contest venue or jurisdiction over plaintiff Teresa Rosati's claims. The United States reserves the right to contest subject matter jurisdiction as to plaintiff Teresa Rosati's claims should facts come to light that indicate that this Court lacks subject matter jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. ("FTCA").

## Parties

1. Admitted, upon information and belief.

2. Denied as stated. Defendant admits only that the United States is the sovereign and avers further that it is the only proper defendant under the FTCA. Avers further that the Social Security Administration ("SSA") is an agency of the executive branch of the federal government. Defendant further admits that the SSA has an address at 6401 Security Boulevard, Baltimore Maryland 21235. Defendant denies the remaining allegations of Paragraph 2 as legal conclusions to which no response is required.

3. Denied as stated. Defendant admits only that the SSA is an agency of the executive branch of the federal government. Avers further that the United States is the only proper defendant under the FTCA. Defendant further admits that the SSA has an address at 6401 Security Boulevard, Baltimore Maryland 21235. Defendant denies the remaining allegations of Paragraph 3 as legal conclusions to which no response is required.

Second Paragraph 3. Denied as stated. Defendant admits only that the United States Attorney General is a member of the executive branch of the federal government. Avers further that the United States is the only proper defendant under the FTCA. Defendant further admits

that the Attorney General, Department of Justice, has an address at 950 Pennsylvania Avenue NW, Washington, DC 20530. Defendant denies the remaining allegations of Second Paragraph 3 as legal conclusions to which no response is required.

Third Paragraph 3. Defendant denies the allegations of Third Paragraph 3 as legal conclusions to which no response is required.

4. Defendant admits only that the SSA has an office address at 807 Crosby Street, Chester, Pennsylvania 19013. Defendant denies the remaining allegations of Paragraph 4 as legal conclusions to which no response is required.

5. Defendant admits only that the SSA has an office address at 807 Crosby Street, Chester, Pennsylvania 19013. Defendant denies the remaining allegations of Paragraph 5 as legal conclusions to which no response is required.

6. Defendant denies the allegations of Paragraph 6 as legal conclusions to which no response is required.

**Factual Background**

7. Defendant admits only that, on or about January 23, 2018, it received a "Standard Form 95" dated January 15, 2018 attached to counsel's letter of the same date and contingent fee agreement dated January 9, 2018. Defendant denies the remaining allegations of Paragraph 7.

8. Defendant admits only that it received a "Standard Form 95" dated January 15, 2018 attached to counsel's letter of the same date and contingent fee agreement dated January 9, 2018. Further avers that the Standard Form 95 included an amount filled in under "Amount of Claim." Defendant denies the remaining allegations of Paragraph 8.

9. Admitted.

10. Defendant admits only that plaintiff's complaint was filed on August 7, 2018, which is less than six months from March 6, 2018. Defendant denies the remaining allegations of Paragraph 10 as legal conclusions to which no response is required.

11. Defendant admits only that plaintiff Teresa Rosati was on the premises at 807 Crosby Street, Chester, Pennsylvania at some time during the day December 21, 2017, was interviewed for purposes of seeking SSA benefits, and fell. Defendant denies that any defective condition existed or caused her to fall, and denies that any negligence or any act or omission by Defendant caused plaintiff to fall.

## COUNT I

### Teresa Rosati v. All Defendants
### Negligence

12. Defendant incorporates the responses to paragraphs 1 through 11, above, as though set forth in full.

13. a. through f. Defendant denies the allegations of Paragraph 13 a. through f. as boilerplate non-case-specific legal conclusions to which no response is required. To the extent that Paragraph 13 a. through f. contains fact averments, Defendant denies them, and specifically denies that any dangerous condition(s) existed, and denies that it was negligent in any respect.

14. Defendant denies the allegations of Paragraph 14 as boilerplate non-case-specific legal conclusions to which no response is required. To the extent that Paragraph 14 contains fact averments, Defendant denies them and specifically denies that any unsafe or dangerous condition existed, and denies that Defendant had notice of any unsafe or dangerous condition, and denies that Defendant was negligent in any respect.

15. Defendant denies the allegations of Paragraph 15 about plaintiff's alleged injuries and their causes because Defendant the United States, after reasonable investigation, but pending

an opportunity to take discovery, is without knowledge or information sufficient to form a belief as to their truth. Demands strict supporting proof at trial. Accordingly, the United States denies both the allegation that such injuries occurred and the allegation that the United States was the cause of them.

16. Defendant denies the allegations of Paragraph 16 about plaintiff's alleged conditions and injuries, and their causes and extent because Defendant the United States, after reasonable investigation, but pending an opportunity to take discovery, is without knowledge or information sufficient to form a belief as to their truth. Demands strict supporting proof at trial. Accordingly, the United States denies both the allegation that such conditions and injuries occurred or will occur, and the allegation that the United States was the cause of them.

17. Defendant denies the allegations of Paragraph 17 about Plaintiff's alleged injuries and related expenses, if any, because Defendant the United States, after reasonable investigation, but pending an opportunity to take discovery, is without knowledge or information sufficient to form a belief as to their truth. Demands strict supporting proof at trial. Accordingly, the United States denies both the allegation that such injuries and expenses occurred or will occur, and the allegation that the United States was the cause of them.

18. Defendant denies the allegations of Paragraph 18 about Plaintiff's "slip and fall" and lost earnings, if any, because Defendant the United States is without information sufficient to form a belief regarding either the cause or extent of Plaintiff's alleged losses, if any. Demands strict supporting proof at trial. Accordingly, the United States denies both the allegation that such losses occurred or will occur, and the allegation that the United States was the cause of them.

19. Defendant denies the allegations of Paragraph 19 about Plaintiff's alleged injuries and impairment of earning capacity, if any, because Defendant the United States is without information sufficient to form a belief regarding either the cause or extent of Plaintiff's alleged injuries and losses, if any. Demands strict supporting proof at trial. Accordingly, the United States denies both the allegation that such injuries and losses occurred or will occur, and the allegation that the United States was the cause of them.

20. Defendant denies the allegations of Paragraph 20 about Plaintiff's alleged injuries preventing his/her attending to "usual duties and obligations," if any, because Defendant the United States is without information sufficient to form a belief regarding either the cause or extent of Plaintiff's alleged injuries or her usual duties and obligations, if any. Demands strict supporting proof at trial. Accordingly, the United States denies both the allegation that such injuries occurred or will occur, and the allegation that the United States was the cause of them.

21. Defendant denies the allegations of Paragraph 21 as legal conclusions to which no response is required. To the extent that Paragraph 21 contains fact averments, Defendant denies them, and specifically denies that it was negligent in any respect, and denies that it caused any injury to plaintiff, and denies that liability would or should be imposed upon it.

22. Defendant denies the allegations of Paragraph 22 as legal conclusions to which no response is required. To the extent that Paragraph 22 contains fact averments, Defendant denies them, and specifically denies that it was negligent in any respect, and denies that it caused any injury to plaintiff, and denies that liability would or should be imposed upon it.

**WHEREFORE**, Defendant admits only that Exhibit A attached to Plaintiff's complaint is a true and correct copy of the Standard Form 95 it received on or about January 23, 2018, and

requests that this Court dismiss Plaintiff's Complaint, enter judgment in its favor, that it be awarded costs incurred herein, and such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's cause of action and recovery of damages against the United States are subject to and limited by the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

### SECOND AFFIRMATIVE DEFENSE

The liability of the United States to Plaintiff is limited to the amount of the Plaintiff's administrative tort claim demand validly presented to the United States Social Security Administration.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not permitted to recover attorney's fees from the United States, and Plaintiff's attorney's compensation, if contingent, is limited to 25% of the overall judgment against, or settlement with, the United States in this case.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, damages, and losses, if any, are due to her own negligence and carelessness that were greater than any negligence or carelessness of Defendant the United States (which denies any negligence or carelessness), and Plaintiff is therefore barred from recovery against the United States, in whole or in part, under Pennsylvania's comparative negligence statute, 42 P.S. § 7102.  To the extent that Plaintiff was negligent to a lesser degree, the Court should reduce her damages by the degree to which she was negligent.  Avers further that Plaintiff was negligent in one or more of the following ways:

1. Failing to look where she was going;

2. Moving backwards without looking where she was going;

3. Failing to be attentive to furniture and items around her.

Plaintiff's negligence was the principal cause of her injuries, if any, and she is therefore not entitled to any recovery from the United States, and the portion of Plaintiff's damages caused by her own negligence should be deducted from any judgment or recovery against the United States.

### FIFTH AFFIRMATIVE DEFENSE

Should Plaintiff obtain judgment against the United States, which admits no liability, she is barred under 28 U.S.C. § 2674 from collecting any prejudgment interest or punitive damages from the United States.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial determination of the liability of the United States under 28 U.S.C. § 2402. Federal Tort Claims Act liability is determined exclusively by the Court as the trier of fact of both liability and damages.

### SEVENTH AFFIRMATIVE DEFENSE

By her actions on the date, time, and place alleged in Plaintiff's Complaint, Plaintiff assumed the risk of any and all injuries and/or damages that Plaintiff alleges she suffered.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages.

### NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is entitled to recover damages from Defendant the United States in this action, the United States is entitled to a credit or set-off for any payment of non-

collateral source benefits, to the extent allowed under federal and State common and statutory law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, damages, and losses, if any, were solely and proximately caused by the negligence, carelessness, or recklessness of a third party not under the control of the United States and for whom the United States lacks any liability under the Federal Tort Claims Act.

## ELEVENTH AFFIRMATIVE DEFENSE

The acts or omissions of Defendant the United States, or any of its employees or agents, were not a substantial factor in causing – or a substantial cause of – any injury or loss that Plaintiff may have sustained.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendant requests that this Court dismiss Plaintiff's Complaint, enter judgment in its favor, that it be awarded costs incurred herein, and such further relief as this Court deems just and proper.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney


_____
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division


_____
VIVECA D. PARKER
Assistant United States Attorney

Dated: October 12, 2018